cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN WILLIAM DELANDER, | ) | Civil No.07cv1693 J (AJB) |
| | ) | |
| Petitioner, | ) | Report and Recommendation to Grant |
| v. | ) | Respondent's Motion to Dismiss |
| | ) | |
| SUZAN L. HUBBARD, Warden, | ) | [Doc. No. 6] |
| | ) | |
| Respondent. | ) | |

On August 28, 2007, Petitioner, Steven William Delander, a state prisoner proceeding with counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in San Diego Superior Court, Case No. SDC-170832. [Doc. No. 1]. Petitioner complains of ineffective assistance of counsel, improper sentencing enhancements and cumulative error. [*Id.*]. On November 27, 2007, Respondent filed a Motion to Dismiss the Petition as procedurally time-barred pursuant to 28 U.S.C. § 2244(d). [Doc. No. 6]. On December 28, 2007, Petitioner filed an Opposition to Respondent's Motion to Dismiss. [Doc. No. 7]. Based upon a review of all the materials, for the reasons set forth herein, it is recommended that Respondent's Motion to Dismiss the Petition as procedurally time-barred be GRANTED.

/ / /

/ / /

**PROCEDURAL HISTORY**

**A.     Conviction and Sentence**

On March 3, 2003, a jury convicted Petitioner of carjacking, assault with a semi-automatic weapon, and possession of a firearm by a felon (Cal. Penal Code §§ 215, 245(b), 12021). [Petition ("Pet.") at p. 3]. On March 24, 2003, the trial court, following a bench trial on prior convictions, found that Petitioner had three prior convictions with a prison sentence, two prior serious felonies and two prior strikes. [*Id.* at p. 4]. On April 30, 2003, Petitioner was sentenced to serve a term of 47 years to life in state prison (26 years to life for carjacking with two prior strikes, 10 years for two prior serious felonies, 10 years for personally using a firearm, and one year for a prior prison term). [*Id.* at p. 3; Memo. of Points & Authorities in Support of Pet. at p. 4].

**B.     Direct Appeal**

Petitioner, through appointed appellate counsel, filed a timely direct appeal with the California Court of Appeal, Fourth Appellate District, Division One. [Notice of Lodgment in Support of Respondent's Motion to Dismiss ("Lodgment") 3]. Petitioner's appellate counsel filed a brief setting forth the evidence in the Superior Court, but raising no appealable issues. [*Id.*]. Petitioner filed his own supplemental brief and requested appointment of new counsel. [Lodgment 4; Pet. at p. 4]. On December 11, 2003, the Court of Appeal affirmed the conviction, finding that Petitioner raised no arguable appellate issue. [*Id.*]

Petitioner alleges, without explanation, that he did not receive notice of the Court of Appeal decision until July 21, 2004, after expiration of the time to file a petition for review with the California Supreme Court, and that because he was unaware of the decision, filed a *pro se* habeas petition in the Court of Appeal on June 7, 2004,[1] requesting appointment of new counsel for his direct appeal. [Pet. at p. 5; Lodgment 5]. On June 22, 2004, the Court of Appeal denied the petition, stating that the request

---

[1]Petitioner is entitled to the benefit of the mailbox rule which provides that a *pro se* prisoner's petitions (both state and federal) are deemed filed upon delivery to prison officials. *See Houston v. Lack*, 487 U.S. 266, 276 (1988); *Huizar v. Carey*, 273 F.3d 1220, 223 (9th Cir. 2001) (application of *Houston's* mailbox rule to federal habeas filings); *Stillman v. LaMarque*, 319 F.3d 1199, 1202 (9th Cir. 2003); *Miles v. Prunty*, 187 F.3d 1104, 1106 n.2 (9th Cir. 1999). Here, the subject Court of Appeal habeas corpus petition was signed on June 7, 2004, and this Court will therefore construe the petition (and all other *pro se* petitions herein) as having been filed on the date signed [Lodgment 5], not on May 5, 2004, as alleged by Petitioner [Petitioner's Opposition to Motion to Dismiss ("Opp.") at p. 3].

1  for replacement appellate counsel was already decided in the December 11, 2003, direct appeal decision.
2  [Lodgment 6].
3      On June 30, 2004 (the date signed), Petitioner filed the same petition in the California Supreme
4  Court (petition number S126261). [Lodgment 11].  On July 20, 2005, the Supreme Court denied the
5  petition without comment. [Lodgment 13].
6      The filing of this state court petition in the Court of Appeal on June 7, 2004, is irrelevant to the
7  present inquiry regarding timeliness and tolling because the petition did not seek collateral review of his
8  state court conviction, but only sought replacement counsel for his direct appeal, and because it was
9  filed after the statute of limitations was already tolled by the petition filed in Superior Court on May 25,
10 2004 (discussed below).

11 **C.    State Court Habeas Petitions**

12      Following his unsuccessful direct appeal, Petitioner filed numerous state court habeas corpus
13 petitions.  On May 25, 2004, Petitioner, proceeding in *pro se*, filed a petition for writ of habeas corpus in
14 the California Superior Court, challenging his conviction and sentence on the following grounds: (1)
15 ineffective assistance of counsel; (2) jury instruction error; (3) improper use of plea agreement; (4)
16 prosecutorial misconduct; (5) use of improperly obtained plea bargain as a strike; (6) bench trial on prior
17 convictions violated due process; (7) sentencing enhancement error; (8) improper probation revocation
18 in prior case; (9) due process violation concerning jury instructions; and (10) civil rights violations.
19 [Lodgment 7 at pp. 3.a-4.a ].  On July 21, 2004, the Superior Court denied the petition. [Lodgment 8].
20      On July 14, 2004, Petitioner filed a petition for writ of habeas corpus in the California Court of
21 Appeal, Fourth District, Division One, arguing the same grounds. [Lodgment 19].  On August 16, 2004,
22 the Court of Appeal denied the petition. [Lodgment 10].
23      On September 4, 2004, Petitioner filed the same petition for writ of habeas corpus in the
24 California Supreme Court as an amended petition to the June 30, 2004, Supreme Court petition number
25 S126261 (*see* Section B, above).  [Lodgment 12]. On July 20, 2005, the Supreme Court denied the
26 petition without comment. [Lodgment 13].
27      While the May 25, 2004, state court petition was pending, Petitioner filed another petition with
28 the Superior Court on September 18, 2004, challenging the use of a sentencing enhancement. [Lodgment

16]. The Superior Court denied the petition on November 23, 2004, finding it an improper successive petition. [Lodgment 17]. On December 4, 2004, he filed the same petition in the California Court of Appeal, Fourth Appellate District, Division One. [Lodgment 18]. On January 26, 2005, the Court of Appeal denied the petition as an improper successive petition and on the merits. [Lodgment 19].

On September 29, 2004, while the May 25, 2004, and September 18, 2004, petitions were pending, Petitioner filed another petition with the California Supreme Court apparently attempting to submit further documentation in support of his pending Supreme Court petition No. S126261 (filed June 30, 2004) . [Lodgment 14]. The Supreme Court treated it as a new petition (No. S128309) and denied the petition on August 24, 2005, with reference to *In re Clark*, 5 Cal. 4th 750 (1993) (which holds that absent justification, successive or untimely petitions will be summarily denied); and *In re Miller*, 17 Cal.2d 734 (1941) (which holds that successive petitions will be denied absent a change in facts or law). [Lodgment 15].

On February 10, 2005, Petitioner filed a petition in the California Supreme Court, as another attempted amendment in support of his pending Supreme Court petition No. S126261 (filed June 30, 2004), arguing his trial counsel was ineffective for failing to present a mental health defense, and insufficient evidence to support a finding that a prior conviction qualified as a serious felony or as a strike. [Lodgment 20]. The Supreme Court treated it as a new petition (No. S131496) and denied the petition on July 20, 2005, with reference to *In re Clark*, 5 Cal. 4th 750 (1993) (which holds that absent justification, successive or untimely petitions will be summarily denied); *In re Lindley*, 29 Cal.2d 709 (1947) (which holds that habeas corpus cannot review the merits of an insanity defense); *In re Dixon*, 41 Cal.2d 756 (1953) (which holds that habeas corpus is not a substitute for an appeal); *In re Swain*, 34 Cal.2d 300, 304 (1949) (which holds that petitioner must allege particular facts); and *People v. Duvall*, 9 Cal.4th 464, 474 (1995) (which holds petitioner must state facts with particularity and provide documentary evidence). [Lodgment 21].

On August 10, 2005,[2] Petitioner filed another petition for writ of habeas corpus in the California Superior Court, arguing the following grounds: (1) due process right to fair trial violated because he was

---

[2] The petition itself was signed on July 25, 2005, but a proof of service by mail attached to the petition was signed on August 10, 2005.

precluded from raising psychotic disorder defense and his counsel failed to investigate and present evidence on mental disorder issue; (2) improper sentencing enhancement; and (3) cumulative errors, including ineffective assistance of counsel, violated due process. [Lodgment 22 ]. On October 6, 2005, the Superior Court denied the petition as an improper successive petition and on the merits. [Lodgment 23].

On October 28, 2005, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Fourth District, Division One, arguing the same grounds. [Lodgment 24]. On May 26, 2006, the Court of Appeal denied the petition. [Lodgment 26].

On June 9, 2006, Petitioner filed the same petition for writ of habeas corpus in the California Supreme Court. [Lodgment 27]. On January 24, 2007, the Supreme Court denied the petition with citations to *In re Clark*, 5 Cal. 4th 750 (1993) (which holds that absent justification, successive or untimely petitions will be summarily denied); *In re Miller*, 17 Cal.2d 734 (1941) (which holds that successive petitions will be denied absent a change in facts or law; *In re Lindley*, 29 Cal.2d 709 (1947) (which holds that habeas corpus cannot review insanity defense); and *In re Dixon*, 41 Cal.2d 756 (1953) (which holds that habeas corpus is not a substitute for appeal). [Lodgment 28].

On October 29, 2006, Petitioner filed a petition for writ of mandate in the California Court of Appeal, Fourth Appellate District, Division One, arguing that the restitution amount imposed with his sentence was excessive. [Lodgement 29]. The Court of Appeal denied the petition on November 21, 2006. [Lodgment 30].

**D.     Present Federal Petition for Writ of Habeas Corpus**

Petitioner, through counsel, filed the instant federal Petition on August 28, 2007, challenging his conviction and sentence on the following grounds: (1) ineffective assistance of counsel; (2) improper sentencing; and (3) cumulative errors at state proceedings. [Pet. at p. 2]. On November 27, 2007, Respondent filed a motion to dismiss the Petition, claiming the Petition is barred by the one-year statute of limitations. [Doc. No. 6]. On December 28, 2007, Petitioner, through counsel, filed an Opposition to Respondent's Motion to Dismiss, claiming equitable tolling places the Petition within the limitations period. [Doc. No, 7]. Petitioner also argues in his Opposition that, even if the Petition is time-barred,

such procedural default should be excused because there was a fundamental miscarriage of justice in the unauthorized imposition of a one-year sentencing enhancement. [*Id*.].

## DISCUSSION

**A.     The AEDPA's Statute of Limitations**

Petitions filed after April 24, 1996, are governed by the Antiterrorism and Effective Death Penalty Act (AEDPA) which sets forth a one-year statute of limitations for state prisoners seeking collateral review in federal court.  Pursuant to AEDPA, 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2244 (d) (1) (A)-(D).

A state court judgment becomes final 90 days from when the state court of last resort denies the petition for review or from when the state court of last resort issued an adverse decision.  *See* Sup. Ct. R. 13.1; *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir.2001); *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002).  However, if, as here, a petitioner does not seek review of the intermediate state appellate court's opinion, the judgment becomes final on the expiration of the time for seeking direct review to the state's highest court.  In California, a conviction becomes final 40 days after the California Court of Appeal files its opinion.  *See* Cal. Rules of Court, Rules 8.264 (b), 8.500(e)(1), 8.60; Cal. Code Civ. Proc. § 12; *Smith v. Duncan*, 29 F.3d 809 (9th Cir. 2002).

In this case, the California Court of Appeal denied Petitioner's direct appeal and affirmed the conviction on December 11, 2003.  Petitioner did not seek further review from the California Supreme Court.  The state court judgment, therefore, became final on January 20, 2004, 40 days after the Court of

Appeal decision. The one-year statute of limitations period commenced the next day on January 21, 2004, and expired 365 days later on January 20, 2005. Thus, the instant Petition, which was filed on August 28, 2007, is untimely unless the limitations period was sufficiently tolled.

Petitioner argues that a state impediment delayed the start date of the statute of limitations. [*See* Opp. at pp. 7-12]. The Court finds this argument to be without merit. Petitioner offers no explanation in his Opposition as to how the state impeded his ability to learn of the December 11, 2003, Court of Appeal decision affirming his conviction, or hindered his ability proceed with his direct appeal and other state court petitions. Petitioner has a duty to proceed diligently and should have inquired of the status of his appeal. He cannot merely wait around for months and then claim that a self-caused delay was a state impediment. Thus, the Court finds no state impediment to warrant a later start date for the statute of limitations. Furthermore, the factual predicate for his claims regarding his trial attorney's failure to present a mental illness defense, improper sentencing enhancements and cumulative errors were certainly known at the conclusion of his trial. The Court finds no basis for a later start date of the statute of limitations.

**B.      Tolling of the AEDPA's Limitations Period**

    **1.      <u>Statutory Tolling</u>**

The statute of limitations is tolled while a "properly filed" state habeas corpus petition is "pending" in the state court. 28 U.S.C. § 2244(d)(2). A state-court petition is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Time limits on post-conviction petitions are conditions to filing. *Id.*, at 8, 11. In *Carey v. Saffold*, 536 U.S. 214 (2002), the Court held that the time between the denial of a petition in a lower California court and the filing of a subsequent petition in the next higher state court does not toll the statute of limitations (i.e., an application for post-conviction relief is not "pending" during the interstitial periods while one is pursuing a full round of state collateral review) if the petition is ultimately found to be untimely. *Id.*, at 223-26. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court held that statutory tolling is not available for the period a petition is under consideration (i.e., an application for post-conviction relief is not "properly filed") if it is untimely. *Id.*, at 413-14. "When a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of

section 2244 (d)(2)." *Id.*, at 414. Furthermore, "petitioner is not entitled to tolling during the gap between the completion of one full round of state collateral review and the commencement of another. *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir. 2003).

As set forth above, the statute of limitations began to run on January 21, 2004. Statutory tolling began when Petitioner filed his first habeas petition in the California Superior Court on May 25, 2004, 124 days into the 365-day AEDPA limitations period (January 21, 2004, to May 24, 2004 (day before tolling began) equals 124 days). Statutory tolling ended and the clock began to run again when the California Supreme Court denied Petitioner's habeas petition on July 20, 2005. Statutory tolling began again when Petitioner filed a subsequent habeas petition in the California Superior Court on August 10, 2005, 20 more days into the limitations period (July 20, 2005, to August 9, 2005 (day before tolling began again) equals 20 days), for a total of 144 days into the 365-day statute of limitations (124 days + 20 days), leaving 221 days left in the limitations period (365 days-144 days =221 days left) .

Respondent argues and Petitioner agrees that even though Petitioner filed a habeas petition in the California Supreme Court, he is not entitled to statutory tolling for the time between the California Court of Appeal denial on May 26, 2006, and the California Supreme Court denial on January 24, 2007, if the state Supreme Court denied the petition as untimely. (Motion at p. 9; Opp. at pp. 12-13). Statutory tolling is not available for the period a petition is under consideration if it is untimely. See *Pace*, 544 U.S. at 413-14; *Carey*, 536 U.S. at 223-26; *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (concluding that under *Pace*, "if the petition was untimely under California law, it was never properly filed," and rejecting the proposition that statutory tolling is available when the state court denied a post-conviction petition both on the merits and as untimely), *as amended*, 439 F.3d 993, *cert. denied*, 127 S.Ct. 132 (2006), citing *Carey*, 536 U.S. at 225-26. Furthermore, a state Supreme Court's denial of a petition for other reasons does not negate the denial based on timeliness. *See Bonner*, at 1148-49; *Carey*, 536 U.S. at 225-26. However, in the absence of a clear indication by the state supreme court that a petition is untimely, the federal court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness. *Evans v. Chavis*, 546 U.S. 189 (2006).

Here, the citation to *In re Clark* by the state Supreme Court indicates that Petitioner's state Supreme Court petition was untimely and that he failed to adequately explain his delay in presenting the claims. Absent justification, successive or untimely petitions will be summarily denied. *See In re Clark*, 5 Cal.4th 750 (1993). Whether a petition is deemed untimely or successive, the result is the same. "A successive petition presenting additional claims that could have been presented in an earlier attack on the judgment is, of necessity, a delayed petition." *Id.,* at 770. Even though the Supreme Court denial does not include a pinpoint cite to *In re Clark*, the history of Petitioner's numerous repetitive petitions and denials thereof as untimely and successive petitions with claims that could have been raised on appeal further demonstrate that the Supreme Court petition was denied as untimely and cannot be used to toll the statute of limitations.

Here, when the Court of Appeal denied the petition on May 26, 2006, 221 days remained in the limitations period. Petitioner did not file the instant Petition until August 28, 2007, 459 days later and 238 days beyond the limitations period (459 - 221=238) The limitations period was also tolled for 21 days from October 29, 2006, to November 21, 2006, the time during which Petitioner's Court of Appeal writ of mandate challenging the amount of restitution imposed with his sentence was pending. Thus, giving Petitioner another tolling credit of 21 days, he was still 217 days beyond the limitations period when he filed the instant Petition (238 - 21=217). Therefore, the instant Petition is untimely absent equitable tolling.

### 2. **Equitable Tolling**

AEDPA's one-year statute of limitations is also subject to equitable tolling. *Roy v. Lampert*, 465 F.3d 964, 970 (9th Cir. 2006); *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998). However, the Ninth Circuit in *Beeler* noted that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Id.* (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)); *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002); *see also Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The burden is on Petitioner to show that the "extraordinary circumstances" he has identified were the proximate cause of his untimeliness, rather

than merely a lack of diligence on his part. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003); *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Gaston v. Palmer*, 417 F.3d, 1030, 1034 (9th Cir. 2005). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted). Petitioners face such a high bar in order to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Guillory v. Roe*, 329 F.3d 1015, 1018 (9th Cir. 2003) (citing *Carey v. Saffold*, 536 U.S. 214, 226 (2002).

Petitioner argues he is entitled to equitable tolling because a mental condition (bipolar disorder) prevented him from timely filing the Petition. [*See* Opp. at pp. 13-17]. In support of this argument, Petitioner provides his declaration which claims he was in administrative segregation (including several weeks in a Mental Health Crisis Unit following an apparent suicide attempt) from December 13, 2006, to April 18, 2007 (116 days), because of bipolar illness, and was unable physically and mentally to prepare a petition. [*See* Declaration (in the form of a letter to his counsel) attached directly behind Opp.]. He also provides partial state prison medical records from 2004 and 2006. [*See* Exhibits A-C attached to Opp.]. As discussed below, this Court finds that Petitioner is not entitled to equitable tolling.

Petitioner's ability to file eleven state habeas petitions and a state petition for writ of mandate,[3] demonstrates that, even assuming Petitioner suffers from a mental or physical disability, equitable tolling is not available because the disability was not a proximate cause of Petitioner's failure to timely file his federal Petition. *See Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005) (physical and mental disabilities did not constitute "extraordinary circumstances" to support equitable tolling because they did not prevent prisoner from meeting other filing deadlines); *Laws v. Lamarque*, 351 F.3d 919, 922-23 (9th Cir. 2003) (stating that equitable tolling is available only where a petitioner's alleged mental incompetence somehow made a timely habeas petition impossible); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (the burden is on Petitioner to show that the "extraordinary circumstances" he has identified were the proximate cause of his untimeliness, rather than merely a lack of diligence).

---

[3] The eleven state petitions were filed on 5/25/04, 6/7/04, 6/30/04, 9/4/04, 9/18/04, 9/29/04, 12/4/04, 2/10/05, 8/10/05, 10/28/05 and 6/9/06, and the petition for writ of mandate was filed on 10/29/06. [*See* Section C, above].

Petitioner has failed to meet this burden. Petitioner's claims were exhausted after his first full round of state petitions on July 20, 2005, when the state Supreme Court denied his petition. Thereafter, Petitioner could have filed a federal petition. Instead, Petitioner continued to file numerous successive state petitions. Petitioner does not contend that his mental condition somehow caused him to only file state court petitions. He was even advised in November 2004 (and earlier), after filing his third state petition in Superior Court, to cease filing the same petition in the state Superior Court. [*See* Lodgment 17]. It was Petitioner's lack of diligence that caused his federal Petition to be untimely, not his mental condition.

Even assuming equitable tolling is available for the entire time Petitioner contends he was in administrative segregation from December 13, 2006, to April 18, 2007, those 116 days do not sufficiently toll the statute limitations. As set forth above, Petitioner was 217 days late when he filed the instant Petition, and 116 days of equitable tolling does not save him. Moreover, Petitioner's request for additional mental health records cannot not save his late Petition. The sheer number of petitions he filed negates any argument that his mental condition prohibited him from filing a timely petition during the relevant time period. Petitioner's request for mental health records is, therefore, denied.

As further evidence of Petitioner's lack of diligence, the Court also notes that Petitioner did not file his federal Petition for 142 days after he claims he left administrative segregation. Petitioner offers no explanation for this more than four-month delay.

Accordingly, Petitioner has not met his burden of demonstrating that a mental disorder amounted to an extraordinary circumstance beyond his control that prevented him from filing his petition in a timely manner.

**C.     Actual Innocence Gateway**

Petitioner also contends that, even if the Petition is time-barred, such procedural default should be excused with respect to his improper sentence enhancement claim under the "actual innocence gateway" of *Schlup v. Delo*, 513 U.S. 298 (1995). [*See* Opp. at pp. 17-21]. To prevail on an "actual innocence" claim, a petitioner must show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent" by presenting evidence of innocence that is so strong, "that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial

was free of non-harmless constitutional error." *Schlup*, 513 U.S. 316, 327.  Additionally, to be credible, a claim of actual innocence must be supported with new and reliable evidence that was not presented a trial due to unavailability or exclusion.  *Sistrunk v. Armenakis*, 292 F.3d 669, 673 (9th Cir. 2002). "Actual innocence" means factual innocence, not merely legal insufficiency.  *Wood v. Hall*, 130 F.3d 373, 379 (9th Cir. 1997).  It is not enough that evidence submitted to support a claim of actual innocence show the existence of reasonable doubt.  The petitioner must show that it is more likely than not that "no reasonable juror would have convicted him in light of the new evidence."  *Schlup*, 513, U.S. at 327.

In this case, Petitioner claims a one-year sentence enhancement for a prior prison term was unlawfully imposed because the prior prison term was 357 days in local jail (not prison as required by California law), which was to be served concurrently with another prison term already being served at a Federal prison. [Opp. at 20].  Petitioner's argument is without merit.  The "actual innocence" exception applies to cases where a petitioner can demonstrate actual innocence of the substantive offense, or in the capital sentencing context, and not in cases, as here, involving claims of non-capital sentencing errors. *See Murray v, Carrier,* 477 U.S. 478, 496 (1986); accord *Schlup*, 513 U.S. 298; *see also Sawyer v. Whitley*, 505 U.S. 333, 336 (1992); *see also Dretke v. Haley*, 541 U.S. 386 (2003).  As Petitioner concedes, the Supreme Court has declined to decide whether to extend the "actual innocence" exception to non-capital sentencing matters such as this one.  *See Dretke*, 541 U.S. at 393.  Petitioner cites no cases from the Ninth Circuit to support his position that the actual innocence exception applies in this matter.  Petitioner essentially asks this Court to make new Ninth Circuit law by extending the "actual innocence" exception to this matter.  This Court declines to do so.

Furthermore, Petitioner's reliance on opinions from other circuits that applied the exception to non-capital sentencing matters is not persuasive. [Opp. at 19].  In those cases, the issue was whether the petitioner could show by clear and convincing evidence that he was factually innocent of the prior crime which was used to impose a sentencing enhancement.  Here, in contrast, Petitioner makes no claim that he is factually innocent of the crime on which the sentence enhancement was based.  Even if this were the rule of the Ninth Circuit, Petitioner has failed to meet his burden.

/ / /

/ / /

## **CONCLUSION**

For the reasons set forth herein, the Court recommends that Respondent's Motion to Dismiss be GRANTED. This report and recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. §636(b)(1)(1988). Any party may file written objections with the court and serve a copy on all parties by **March 6, 2008**. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed by **March 20, 2008**. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Y1st*, 951 F.2d 1153 (9th Cir 1991).

IT IS SO ORDERED.

DATED: February 14, 2008

Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court