1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

11  STEVEN WILLIAM DELANDER,                )   Civil No. 07cv1693 J (AJB)
                                           )
12                        Petitioner,       )   **ORDER:**
                                           )
13          v.                              )   **(1) DECLINING TO ADOPT THE**
                                           )   **MAGISTRATE JUDGE'S REPORT**
14                                          )   **AND RECOMMENDATION;**
                                           )
15  SUZAN L. HUBBARD, Warden,              )   **(2) DENYING RESPONDENT'S**
                                           )   **MOTION TO DISMISS [DOC. NO.**
16                        Respondent.       )   **6];**
                                           )
17                                          )
                                           )
18  _____    )

19
20      On August 28, 2007, Steven William Delander ("Petitioner"), a state prisoner proceeding
21  with counsel, filed a Petition for Writ of Habeus Corpus ("Petition") pursuant to 28 U.S.C. §
22  2254, challenging his conviction and sentence in San Diego Superior Court, Case No. SDC-
23  170832.  [Doc. No. 1.]  Petitioner alleged ineffective assistance of counsel, improper sentencing
24  enhancements and cumulative error.  (*Id.*)  On November 27, 2007, Respondent filed a Motion to
25  Dismiss the Petition as procedurally time-barred pursuant to 28 U.S.C. § 2244(d).  [Doc. No. 6.]
26  On December 28, 2007, Petitioner filed an Opposition to Respondent's Motion to Dismiss.
27  [Doc. No. 7.]  Before the Court is Magistrate Judge Anthony J. Battaglia's Report and
28  Recommendation ("R&R") recommending that the Court grant the Respondent's Motion to
    Dismiss the Petition as procedurally time barred.  [Doc. No. 8.]  On February 29, 2008,

1                                              07cv1693 J (AJB)

1 Petitioner filed an Opposition to the R&R.  Petitioner contends that he is entitled to equitable

2 tolling and as a result the Petition is timely.  For the reasons set forth below, this Court

3 **DECLINES TO ADOPT** the R&R and **DENIES** Respondent's Motion to Dismiss.

4

5 *Procedural Background*

6 **A.     Conviction and Sentence**

7 On March 3, 2003, Petitioner was convicted by a jury of carjacking, assault with a semi-

8 automatic weapon, and possession of a firearm by a felon (Cal. Penal Code §§ 215, 245(b),

9 12021).  (Pet. at 3.)  On March 24, 2003, the trial court, following a bench trial on prior

10 convictions, found that Petitioner had three prior convictions with a prison sentence, two prior

11 serious felonies and two prior strikes.  (*Id.* at 4.)  On April 30, 2003, Petitioner was sentenced to

12 serve a term of 47 years to life in state prison (26 years to life for carjacking with two prior

13 strikes, 10 years for two prior serious felonies, 10 years for personally using a firearm, and one

14 year for a prior prison term).  (*Id.* at 3; Memo. of Points & Authorities in Support of Pet. at 4.)

15 **B.     Direct Appeal**

16 Petitioner, through appointed counsel, timely filed a direct appeal with the California

17 Court of Appeal, Fourth Appellate District, Division One.  (Lodgment 3.)  However, although

18 Petitioner's appointed counsel filed a brief laying out the relevant evidence in the Superior

19 Court, he did not raise any appealable issues.  (*Id.*)  Therefore, Petitioner filed his own

20 supplemental brief and requested the appointment of new counsel.  (Lodgment 4; Pet. at 4.)  On

21 December 11, 2003, the Court of Appeal affirmed the conviction, finding that the Petitioner's

22 petition raised no arguable appellate issue.  (*Id.*)

23 Petitioner alleges that he did not receive notice of the Court of Appeal decision until July

24 21, 2004.  As evidence of this, the Petitioner submitted an inquiry letter sent to the Court of

25 Appeal on April 7, 2004.  (Obj. to R&R, Exhibit A.)  The California courts acknowledged that

26 the Petitioner was trying to determine why his appeal had not yet been resolved.  (Obj. to R&R

27 at 3.)  Since he was unaware of the December 11, 2003 decision, the Petitioner filed a *pro se*

28 habeas petition on June 7, 2004, requesting the appointment of new counsel for his direct appeal.

1  (Pet. at 5; Lodgment 5.)  On June 22, 2004, the Court of Appeal denied the petition stating that

2  the request had already been denied in the December 11, 2003, direct appeal decision.

3  (Lodgment 6.)

4  　　　On June 30, 2004, Petitioner file the same petition for new counsel in the California

5  Supreme Court.  (Lodgment 11.)  On July 20, 2005, the California Supreme Court denied the

6  petition without comment.  (Lodgment 13.)

7  　　　The filing of the state court petition for new counsel is irrelevant to the present inquiry

8  regarding the timeliness and tolling, because the petition did not collaterally attack the merits

9  and the statute of limitations was already tolling due to the May 25, 2004 habeas petition

10  discussed below.

11  **C.**　　**State Court Habeas Petitions**

12  　　　Following his unsuccessful direct appeal, the Petitioner filed numerous state court habeas

13  petitions.  On May 25, 2004, the Petitioner, proceeding *pro se*, filed a petition for a writ of

14  habeas corpus in the California Superior Court, challenging his sentence and conviction on the

15  following grounds: (1) ineffective assistance of counsel; (2) jury instruction error; (3) improper

16  use of plea agreement; (4) prosecutorial misconduct; (5) use of improperly obtained plea bargain

17  as a strike; (6) his bench trial on prior convictions violated his right of due process; (7)

18  sentencing enhancement error; (8) improper probation revocation in prior case; (9) due process

19  violation concerning jury instructions; and (10) civil rights violations.  (Lodgment 7 at 3.a-4.a.)

20  On July 21, 2004, the California Superior Court denied the petition.  (Lodgment 8.)

21  　　　On July 14, 2004, the Petitioner filed a writ of habeas corpus arguing the same grounds in

22  the California Court of Appeal, Fourth District, Division One.  (Lodgment 19.)  On August 16,

23  2004, the Court of Appeal denied the petition.  (Lodgment 10.)  On September 4, 2004,

24  Petitioner filed the same petition for writ of habeas corpus in the California Supreme Court as an

25  amended petition to the June 30, 2004, Supreme Court petition requesting new appointed

26  counsel (*See* section B, above).  (Lodgment 12.)  On July 20, 2005, the Supreme Court denied

27  the petition without comment.  (Lodgment 13.)

28

1        Prior to the California Supreme Court denial, on September 29, 2004, Petitioner filed

2   another petition attempting to provide further documentation for his Supreme Court petition.

3   However, the California Supreme Court treated it as a new petition and denied the petition on

4   August 24, 2005, with a reference to *In re Clark*, 5 Cal.4th 750 (1993) (holding that absent

5   justification, successive or untimely petitions will be summarily denied); and *In re Miller*, 17

6   Cal.2d 734 (1941) (holding that successive petitions will be denied absent a change in facts or

7   law).  (Lodgment 15.)  On February 10, 2005, Petitioner made another attempt to amend his

8   pending California Supreme Court petition.  He argued that his trail counsel was ineffective for

9   failing to present a mental health defense and that there was insufficient evidence to support a

10  finding that a prior conviction qualified as a serious felony or as a strike.  (Lodgment 20.)  The

11  California Supreme Court again treated the Petitioner's attempted amendment as a new petition

12  and denied the petition on July 20, 2005, with reference to *In re Clark*, 5 Cal.4th  750 (1993)

13  (holding that absent justification, successive or untimely petitions will be summarily denied); *In*

14  *re Lindley*, 29 Cal.2d 709 (1947) (holding that habeas corpus cannot review the merits of an

15  insanity defense); *In re Dixon*, 41 Cal.2d 756 (1953) (holding that habeas corpus is not a

16  substitute for an appeal); *In re Swain*, 34 Cal.2d 300, 304 (1949) (holding that petitioner must

17  allege particular facts); and *People v. Duvall*, 9 Cal.4th 464, 474 (1995) (holding petitioner must

18  state facts with particularity and provide documentary evidence).  (Lodgment 21.)  Since these

19  two petitions were denied on the basis of timeliness they are not relevant to the timeliness

20  inquiry of this Petition because they cannot be used to toll the limitations period.  *Pace v.*

21  *DiGuglielmo*, 544 U.S. 408, 413-14 (2005) (holding that if a petition is considered untimely the

22  time under consideration and the time between periods of review cannot toll the statute of

23  limitations).

24        On September 18, 2004, while the May 25, 2004 state court habeas petition was pending,

25  Petitioner filed another petition challenging the use of a sentence enhancement.  (Lodgment 16.)

26  On November 23, 2004, the Superior Court denied the petition, finding it to be an improper

27  successive petition.  On December 4, 2004, the Petitioner filed the same petition in the

28  California Court of Appeal, Fourth Appellate District, Division One.  (Lodgment 18.)  On

4

1  January 26, 2005, the Court of Appeal denied the petition as an improper successive petition and

2  on the merits.  (Lodgment 19.)  Since these petitions were pending during the period of

3  Petitioner's first collateral attack, these petitions are also irrelevant to the present inquiry

4  because the time during this period was already tolling.

5        On August 10, 2005,[1] Petitioner filed another petition for a writ of habeas corpus in the

6  California Superior Court, arguing that: (1) due process right to fair trial was violated because he

7  was precluded from raising psychotic disorder defense and his counsel failed to investigate and

8  present evidence on mental disorder issue; (2) improper sentencing enhancement; and (3)

9  cumulative errors, including ineffective assistance of counsel, violated due process.  (Lodgment

10  22.)  On October 6, 2005, the Superior Court denied the petition on the merits and as an

11  improper successive petition.  (Lodgment 23.)

12        On October 28, 2005, Petitioner filed a petition for a writ of habeas corpus arguing the

13  same grounds in the California Court of Appeal, Fourth District, Division One.  (Lodgment 24.)

14  On May 26, 2006, the Court of Appeal denied the petition.  (Lodgment 26.)

15        On June 9, 2006, Petitioner filed the same petition for a writ of habeas corpus in the

16  California Supreme Court.  (Lodgment 27.)  On January 24, 2007, the Supreme Court denied the

17  petition with citations to *In re Clark*, 5 Cal. 4th 750 (1993) (holding that absent justification,

18  successive or untimely petitions will be summarily denied); *In re Miller*, 17 Cal.2d 734 (1941)

19  (holding that successive petitions will be denied absent a change in facts or law; *In re Lindley*,

20  29 Cal.2d 709 (1947) (holding that habeas corpus cannot review insanity defense); and *In re*

21  *Dixon*, 41 Cal.2d 756 (1953) (holding that habeas corpus is not a substitute for appeal).

22  (Lodgment 28.)

23        On October 29, 2006, Petitioner filed a petition for writ of mandate in the California

24  Court of Appeal, Fourth Appellate District, Division One, arguing that the restitution amount

25  imposed with his sentence was excessive.  (Lodgment 29.)  The Court of Appeal denied the

26  petition on November 21, 2006.  (Lodgment 30.)

27

28
        [1]The petition itself was signed on July 25, 2005, but a proof of service by mail attached to the
petition was signed on August 10, 2005.

07cv1693 J (AJB)

1 **D.      Instant Federal Petition for Writ of Habeas Corpus**

2        Petitioner, through counsel, filed the instant federal petition on August 28, 2007

3 challenging his conviction and sentence on the following grounds: (1) ineffective assistance of

4 counsel; (2) improper sentencing; and (3) cumulative errors at state proceedings.  (Pet. at 2.)  On

5 November 27, 2007, Respondent filed a Motion to Dismiss the Petition, claiming the Petition

6 was barred by the one-year statute of limitations.  [Doc. No. 6.]  On December 28, 2007,

7 Petitioner, through counsel, filed an Opposition to Respondent's Motion to Dismiss, claiming

8 equitable tolling placed the Petition within the limitations period.  [Doc. No. 7.]  Petitioner also

9 argued in his Opposition that, even if the Petition was time-barred, such procedural default

10 should be excused because there was a fundamental miscarriage of justice in the unauthorized

11 imposition of a one-year sentencing enhancement.  (*Id*.)

12

13                                       *Legal Standard*

14 **A.      Reviewing a Magistrate Judge's Report and Recommendation**

15        The district court's duties in connection with a magistrate judge's R&R are set forth in

16 Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1).  *See* Federal

17 Rules of Civil Procedure 72(b); 28 U.S.C. § 636(b)(1).  The district court must make a de novo

18 determination of those portions of the report . . . to which objection is made," and "may accept,

19 reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

20 judge."  28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 676 (1980).

21 "When no objections are filed, the district court may assume the correctness of the magistrate

22 judge's findings of fact and decide the motion of the applicable law."  *Johnson v. Nelson,* 142 F.

23 Supp. 2d 1215, 1217 (S.D. Cal. 2001).  "Under such circumstances, the Ninth Circuit has held

24 that 'a failure to file objections only relieves the trial court of its burden to give de novo review

25 to factual findings; conclusions of law must still be reviewed de novo.'"  *Id.*  (Quoting *Barilla v.*

26 *Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989)).  Thus, the Court conducts a de novo review of any

27 factual findings to which Petitioner objects and a de novo review of conclusions of law.

28

1

*Petitioner's Objections*

2     Because the Petitioner has filed objections to the R&R, the Court must conduct a *de novo*

3 review of the portions of the R&R to which the objections were made.  Petitioner objects to the

4 magistrate court's findings that (1) statutory or equitable tolling is not warranted for the time

5 when Petitioner was not notified regarding the status of his direct appeal; (2) that equitable

6 tolling is not appropriate for the time that Petitioner was in isolation for treatment for his

7 dehabilitating mental condition; and (3 ) his claim that he was given an illegal, unauthorized

8 sentence falls within the actual innocence "gateway" provided by *Schlup v. Delo*, 513 U.S. 298

9 (1995).  (Obj. to R&R at 1-2.)

10

11

*Discussion*

12 **A.      The AEDPA's Statute of Limitations**

13     A state prisoner whose conviction has become final must seek federal habeas corpus

14 relief within one year.  *See Evans v. Chavis*, 546 U.S. 189, 189 (2006).  The limitation period

15 shall run from the latest of:

16          (A) the date on which the judgment became final by the conclusion
            of direct review or the expiration of the time for seeking such
17          review;
            (B) the date on which the impediment to filing an application created
18          by State action in violation of the Constitution or laws of the United
            States is removed, if the applicant was prevented from filing by such
19          State action;
            (C) the date on which the constitutional right asserted was initially
20          recognized by the Supreme Court, if the right has been newly
            recognized by the Supreme Court and made retroactively applicable
21          to cases on collateral review; or
            (D) the date on which the factual predicate of the claim or claims
22          presented could have been discovered through the exercise of due
            diligence.
23     28 U.S.C. §2244(d)(1)(A)-(D).

24     A state court judgment becomes final 90 days after either the court of last resort denies

25 the petition for review or from when the court of last resort issues an adverse decision.  *See* Sup.

26 Ct. R. 13.1; *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  However, if the

27 petitioner does not appeal an intermediate appellate decision to the state supreme court, then the

28 conviction becomes final on the last day to seek such review.  In California, the conviction

1   becomes final 40 days after the California Court of Appeals files its opinion.  *See* Cal. Rules of

2   Court, Rules 8.264(b), 8.500(e)(1), 8.60; Cal. Code Civ. Proc. § 12; *Smith v. Duncan*, 297 F.3d

3   809 (9th Cir. 2002).

4          In this case, the California Court of Appeal denied the Petitioner's direct appeal on

5   December 11, 2003.  Petitioner did not seek further review of this decision in the California

6   Supreme Court.  As a result, on January 20, 2004, 40 days after the California Court of Appeal

7   issued its opinion, the conviction became final.  Pursuant to 28 U.S.C. § 2244(d)(1)(A), the one

8   year statute of limitations began to run the next day on January 21, 2004.  Therefore, absent any

9   statutory or equitable tolling the Petitioner had until January 20, 2005 to timely file a federal

10  habeas petition.  Since the instant petition was not filed until August 28, 2007, the Petition is

11  untimely unless it is sufficiently tolled.

12         The Petitioner argues that the failure of the California Court of Appeal and his state

13  appointed counsel to notify him of the December 13, 2003 decision constitutes a state

14  impediment under 28 U.S.C. § 2244(d)(1)(B).  (Objs. to R&R at 3.)  When considering this

15  claim, Magistrate Judge Anthony J. Battaglia found this argument to be without merit. (R&R at

16  7.)  Judge Battaglia based his decision on the grounds that the Petitioner did not specifically

17  allege how this lack of notice precluded him from filing an appeal and then additionally faulted

18  Petitioner's lack of diligence as the cause of the delay and not a state impediment.  (*Id.*)  This

19  Court believes that the magistrate court too easily dismissed Petitioner's objections.  However,

20  since there is a lack of record regarding the state's action or inaction and because this Court

21  finds that the Petitioner is entitled to equitable tolling during this period,  this Court does not

22  address Petitioner's claims of state impediment.

23  **B.     Statutory Tolling**

24         Before discussing the time that will be equitably tolled, this Court will first address the

25  question of what time will be statutorily tolled.  Pursuant to 28 U.S.C. § 2244(d)(2), the statute

26  of limitations is tolled while a "properly filed" state habeas petition is "pending" in state court.

27  A state court petition is "properly filed" when "its delivery and acceptance are in compliance

28  with the applicable laws and rules governing filings."  *Artuz v. Bennett*, 531 U.S. 4, 7 (2000).  In

1   order to be "properly filed" it is not necessary that the claims are still procedurally viable. *Id.*

2   However, while the claims need not be viable, the petition must comply with all the time limits

3   to be considered "pending." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) (holding that all

4   time limits, no matter their form, are conditions to filing).  As long as the filing conditions are

5   met (i.e. the petition is not considered untimely) then a petition will be considered "pending"

6   from the date of the first filing until its final resolution in state court.  *Carey v. Saffold*, 536 U.S.

7   214, 219-20 (2002).  This includes the periods between the levels of review.  *Id.*  However, if a

8   petition is determined to be untimely, then the time when the petition is under consideration and

9   the time between levels of review will not toll the statute of limitations.  *Id.* at 223-26; *Pace*, 544

10  U.S. at 413-14.  Additionally, time will not toll between the completion of one full round of state

11  review and the commencement of another.  *Delhomme v. Ramirez*, 340 F.3d 817, 820 (9th Cir.

12  2003).

13          In the instant case, the statute of limitations began to run on January 21, 2004.  On May

14  25, 2004, Petitioner filed his first state habeas petition which initiated statutory tolling.  At this

15  point, 124 days of the 365 day period had already lapsed. Statutory tolling continued until July

16  20, 2005 when the California Supreme Court denied his petition.  Time began to run again on

17  the following day, July 21, 2005, and continued until August 9, 2005[2] when Petitioner began his

18  second round of collateral attack in the state court.  Adding the 20 days that lapsed between

19  rounds of collateral attack brings the total time lapsed to 144 , which left 221[3] days in the

20  limitations period.

21          It is then uncontested that despite the fact that Petitioner filed a petition in the California

22  Supreme Court, the time between the California Court of Appeal's denial on May 26, 2006 and

23  the denial from the California Supreme Court on January 24, 2007, will not be tolled because the

24  California Supreme Court implicitly denied it as untimely.  *Pace*, 544 U.S. at 413-14; *see also*

25

26          [2]Petitioner argues that the date should be July 25, 2005 (the date it was signed), however since
27  the Petition is considered timely even with later filing date, this Court accepts the finding of the
     Magistrate Judge without further inquiry.

28          [3]By subtracting the total days lapsed from the year long limitations period (365 days-144 days) it
     equals 221 days.

1    *Evans v. Chavis*, 546 U.S. 189, 207 (2006) (Stevens, J., concurring) (stating that a "decision that

2    a petition has been untimely filed need not be explicitly stated; citation to a case in which a

3    petition was dismissed as untimely filed certainly would suffice").  As previously noted,

4    statutory tolling is unavailable for the period a petition is under consideration if that petition is

5    deemed untimely even if the merits are also considered.  *Evans*, 546 U.S. at 197-98 (confirming

6    the holding in *Carey*, that a decision on the merits did not automatically indicate that a petition

7    was timely); *Pace*, 544 U.S. at 413-14 (holding that if a state court clearly rules that a petition is

8    untimely then that is the end of the matter, regardless if that ruling was entangled with the

9    merits); *Carey*, 526 U.S. at 225-26 (holding that a decision on the merits did not automatically

10   indicate timeliness); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (rejecting the

11   proposition that statutory tolling is available when a court denies a petition both as untimely and

12   on the merits).  In the absence of a clear indication from the state supreme court that the petition

13   was untimely, the federal court, "must itself examine the delay in each case and determine what

14   the state courts would have held in respect to timeliness."  *Evans*, 546 U.S. at 198.

15          In the California Supreme Court's denial of Petitioner's petition, the court cites *In re*

16   *Clark*, 5 Cal.4th 750 (Cal. 1993)*.*  This citation demonstrates that the court is denying the

17   petition because it is either successive or untimely.  Absent justification, successive or untimely

18   petitions will be summarily denied.  *Id.*  Although the court did not provide a pinpoint cite,

19   California rules provide that a successive petition is by necessity a delayed petition.  *Id.* at 770

20   (holding that, "a successive petition presenting additional claims that could have been presented

21   in an earlier attack on the judgment is, of necessity, a delayed petition").  Therefore, since the

22   California Supreme Court deemed the petition to be untimely, the time period from the

23   California Court of Appeal decision to the time when the California Supreme Court denied the

24   petition cannot be used to toll the statute of limitations.

25          When the Court of Appeal denied the petition on May 26, 2006 there were 221 days left

26   in the limitation period to file a federal petition.  This Petition was not filed until 459 days later

27   on August 28, 2007.  However, the limitations period was also tolled for 21 days from October

28   29, 2006 to November 21, 2006 while the Petitioner's Court of Appeal writ of mandate was

1  pending.  Thus, even giving the Petitioner tolling credit for those 21 days, his Petition was still

2  late by 217 days and absent equitable tolling it will be considered untimely[4].

3  **C.      Equitable Tolling**

4          The Ninth Circuit has recognized that the AEDPA's statute of limitations is subject to

5  equitable tolling.  *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006); *Calderon v. United States*

6  *Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled on other grounds by*

7  *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998), *overruled on*

8  *other grounds by Woodford v. Garceau*, 538 U.S. 202, 206 (2003).  However, the Ninth Circuit

9  has established that equitable tolling is going to be unavailable in most circumstances.  *Miles v.*

10  *Prunty*, 187 F.3d 1104 (9th Cir. 1999).  The "threshold necessary to trigger equitable tolling

11  (under AEDPA) is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d

12  1063, 1066 (9th Cir. 2002).  Equitable tolling is to be granted only when "extraordinary

13  circumstances" beyond a prisoner's control prevent the petitioner from filing the petition on

14  time.  *Beeler*, 128 F.3d at 1288 (quoting *Alvarez-Machain v. United States*, 107 F.3d 696, 701

15  (9th Cir. 1996)); *Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).  In these circumstances

16  the burden is on the Petitioner to demonstrate that the "extraordinary circumstances" were the

17  cause of his untimeliness as opposed to his lack of diligence.  *Spitsyn v. Moore*, 345 F.3d 796,

18  799 (9th Cir. 2003); *Stillman v. LaMarque*, 319 F.3d 1199, 1203 (9th Cir. 2003).

19          Despite this high standard, the Ninth Circuit has recognized extraordinary circumstances

20  in several cases.  *Corjasso*, 278 F.3d at 877 (2002); *see, e.g., Beeler,* 128 F.3d at 1289 (holding

21  that equitable tolling was warranted when petitioner's attorney worked on the petition for a year,

22  but then left for employment in another state leaving the replacement attorney with an unusable

23  work product); *Kelly*, 163 F.3d at 541 (holding that equitable tolling was warranted when the

24  petitioner's alleged mental incompetency rendered him unable to assist his attorney in the

25  preparation of his petition).

26

27          [4]By subtracting the time that remained in the limitations period (221 days) and the time credited
28  while the writ of mandate was pending (21 days) from the total time from when the Court of Appeal
rejected Petitioner's Petition to the time when Petitioner filed the instant Petition (459 days), the
remaining time (217) days is the amount Petitioner is late. (459 days -221days -21 days = 217 days).

1   Petitioner argues that he should be eligible for equitable tolling from (1) December 13,

2   2003 to May 25, 2004, the period when he was not informed of the outcome of his appeal and

3   (2) December 13, 2006 to April 18, 2007 a time when Petitioner was in isolation and not able to

4   prepare his habeas petition or to contact outside counsel to do so for him.  For the reasons state

5   below, this Court concludes that Petitioner should be entitled to equitable tolling during both of

6   these time periods.

7   **I.  Lack of Notification**

8   It has been consistently held that there is no constitutional right to counsel in state post-

9   conviction proceedings.  *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007) (holding that an

10   attorney's miscalculation of the limitations period does not constitute extraordinary

11   circumstances in light of there not being a right to post-conviction counsel); *Bolds v. Newland*,

12   1997 WL 732529, at *2 (N.D. Cal. Nov. 12, 1997) (holding that ignorance of the law and lack of

13   legal assistance do not constitute extraordinary circumstances).  On the other hand,

14   representation by an attorney on an individual's first criminal appeal is a constitutional right.

15   *Douglas v. People of State of Cal.*, 372 U.S. 353, 357 (1963).  That right also extends to counsel

16   notifying the individual of the outcome of that appeal.  *See Roe v. Flores-Ortega*, 528 U.S. 470,

17   480 (2000).  The Supreme Court has recognized that counsel has a duty to consult with a

18   defendant about an appeal when there is a reason to think that there are either (1) non-frivolous

19   grounds for appeal or (2) this particular defendant has demonstrated to counsel that he was

20   interested in appealing.  *Id.*  The Supreme Court additionally affirmed the duty of counsel to

21   "keep the defendant informed of important developments in the course of the prosecution."

22   *Strickland v. Washington* , 466 U.S. 668, 688 (1984); *see also Jones v. Barnes*, 463 U.S. 745,

23   751 (1983) (holding that counsel has a duty to inform the accused of the resolution of a

24   proceeding in a timely fashion so that the accused retains his control over the decision to

25   appeal).

26   While the Ninth Circuit has not specifically addressed whether the failure of counsel or

27   the court to notify a defendant of the outcome of his appellate proceedings warrants equitable

28   tolling, several other circuits have answered that question affirmatively.  *Smith v. State of Ohio*

1   *Dept. of Rehab. and Corr.*, 463 F.3d 426, 428 (2nd Cir. 2006); *Knight v. Schofield*, 292 F.3d 709

2   (11th Cir. 2002) (holding that the failure of the court to notify the petitioner of its decision was

3   beyond the petitioner's control and warranted equitable tolling); *Woodward v. Williams*, 263

4   F.3d 1135,1143 (10th Cir. 2001) (holding that, "a prisoner's lack of knowledge that the state

5   courts have reached a final resolution of his case can provide grounds for equitable tolling if the

6   prisoner has acted diligently in the matter"); *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.

7   2000) (concluding that a delay in receiving the notice of the denial of his appeal may render

8   equitable tolling appropriate); *but see Moore v. Cockrell*, 313 F.3d 880, 882 (5th Cir. 2002)

9   (declaring that the, "constitutionally secured right to counsel ends when the decision by the

10  appellate court is entered").  On December 13, 2003, Petitioner still had a constitutional right to

11  effective counsel.  That right included the right to be informed by counsel of the termination of

12  the appeal.  *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000) (holding that counsel has a duty to

13  inform the defendant of the status of the appeal when there is reason to know that the particular

14  defendant would want to appeal).  It was clear that the Petitioner desired to pursue his case.  He

15  even filed a subsequent appeal brief when his appointed counsel filed a "no-issue" brief.  In

16  contrast, the petitioners in *Lawrence* and *Bolds* had no constitutional right to counsel when their

17  counsel erred.  *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007); *Bolds v. Newland*, 1997 WL

18  732529, at *2 (N.D. Cal. Nov. 12, 1997).  Relief for ineffective counsel is proscribed if there is

19  no right to counsel at that stage.  *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

20          However, there is a right to counsel on the first direct appeal.  Not only has the Supreme

21  Court recognized that there is a constitutional right to counsel at this stage, but they have

22  recognized the duty of that counsel to consult with their clients when there is a reason to believe

23  that the individual would want to appeal.  This was clearly true in the instant case.  While

24  attorneys are entitled to deference on their strategic choices, "it is not, however an issue of

25  'strategy' to decide whether or not to give defendant any advice before he loses the chance to

26  appeal a conviction or sentence." *Flores-Ortega*, 528 U.S. at 493.  Additionally, the record

27  reflects that the Petitioner did inquire about the status of his appeal and when the court did not

28  respond he went on to pursue state habeas relief.  (Obj. to R&R at 3, Exhibit A.)  The failure of

1   constitutionally required counsel to inform the petitioner of the outcome of his appeal caused the

2   forfeiture of his direct appeal and constitutes "extraordinary circumstances." If these

3   circumstances are the proximate cause of the untimeliness then equitable tolling is warranted.

4        The Ninth Circuit has concluded that the prevention of a timely filing may involve a

5   number of circumstances beyond a prisoner's control. *Lott v. Mueller*, 304 F.3d 918, 924

6   (2002). It has further concluded that when considering numerous factors that have inhibited a

7   petitioner the uncertainty should be resolved in the petitioner's favor. *Id.* at 925. Although there

8   were 221 days left in the limitations period when Petitioner filed his first state habeas petition,

9   Petitioner is required by statute to exhaust his claims in state court before proceeding with a

10  federal petition. 28 U.S.C. § 2254(b)(1)(A) (2006). Judge Battaglia faulted the Petitioner for

11  not filing a federal petition after his first round of state collateral attack. However, the Supreme

12  Court has clearly ruled that whether a claim is procedurally barred is a separate inquiry from

13  whether it is properly filed and that a properly filed application that meets the state standards

14  will toll the statute of limitations. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Since the Supreme

15  Court allows for the time to be tolled as long as the application is properly filed, Petitioner's

16  filing of an additional round of state petitions should not be held against him. As Petitioner

17  would have been able to file a timely federal petition after the California Supreme Court denied

18  his last petition if the relevant time was tolled, the Court now considers whether the time in

19  isolation warrants equitable tolling.

20       **II. Isolation**

21       The Ninth Circuit has held that "extraordinary circumstances" exist when a Petitioner's

22  mental incompetency renders him unable to assist his counsel with the preparation of a federal

23  habeas petition. *Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540 (9th Cir.

24  1998). Magistrate Judge Battaglia cites *Gaston v. Palmer* and Petitioner's ability to file

25  numerous state petitions as evidence that Petitioner's physical and mental disabilities do not

26  constitute "extraordinary circumstances." 417 F.3d 1030, 1034 (9th Cir. 2005) (holding that if a

27  Petitioner can meet other deadlines then physical and mental disabilities do not constitute

28  "extraordinary circumstances"). However, the determination that the petitioner's disabilities in

14

1    *Gaston* did not prevent him from meeting deadlines was contingent upon the fact that the

2    petitioner did not allege that his disabilities were more severe during the pertinent time period.

3    *Id.* at 1034-35.  In the instant case, there is evidence that Petitioner's affliction was particularly

4    severe and that he was in isolation up until one month prior to the expiration of the limitations

5    period[5].  Furthermore, the Ninth Circuit's holding in *Laws* precludes this Court from substituting

6    an inference based on his mental capacity to file previous petitions for a factual finding of

7    capacity at the pertinent time period.  *See Laws v. Lamarque*, 351 F.3d 919, 924 (2003) (holding

8    that the petitioner's, "ability to file state and federal petitions in 2000 and thereafter...cannot

9    substitute for development of the factual record concerning his mental state prior to that

10   period").  Since Petitioner was in isolation as a result of his mental condition, a condition he

11   could not control, and was unable to complete any legal work or contact outside counsel during

12   this time period, this is sufficient to warrant equitable tolling for the period of isolation between

13   December 13, 2006 and April 18, 2007.

14          Even if the Court were to determine that Petitioner's mental condition was not sufficient

15   to warrant equitable tolling, the mere fact that he was in isolation without access to his legal files

16   or to outside counsel would make equitable tolling appropriate.  *Espinoza-Matthews v.*

17   *California*, 432 F.3d 1021, 1027 (9th Cir. 2005) (holding that it is, "unrealistic to expect (a

18   habeas petitioner) to prepare and file a meaningful petition on his own within the limitations

19   period without access to his legal file"); *Lott v. Mueller*, 304 F.3d 918, 924-25 (9th Cir. 2002)

20   (holding that equitable tolling was justified when a prisoner was denied access to his legal

21   materials for 82 days).

22          Magistrate Judge Battaglia faults the Petitioner for not filing the present Petition until

23   four months after leaving isolation and cites it as evidence of a lack of diligence.  However, the

24   Ninth Circuit has held that delays of longer were reasonable and not necessarily evidence of a

25   lack of diligence.  *Roy v. Lampert*, 465 F.3d 964, 972, n.5 (2006).  As noted in *Roy*, *Pace v.*

26   *DiGuglielmo* cannot be considered dispositive in this case.  *Id.* at 972 *(*quoting *Pace v.*

27

28          [5]Since this Court has determined that the time prior to his first state habeas petition is to be
     tolled, without tolling the time in isolation, the limitations period would have expired on May 26, 2007.

1    *DiGuglielmo*, 544 U.S. 408, 419 (2005)).  In fact, reading *Pace* to hold that a delay of five

2    months in and of itself was evidence as a lack of diligence was specifically rejected by the Ninth

3    Circuit in *Roy v. Lampert. Id.* at 972.  As noted in *Roy*, the Petitioner in *Pace* was refused

4    equitable tolling because of the combination of the time after post conviction proceedings and

5    more importantly the several years he waited before pursuing those remedies.  *Id.*  There was no

6    such delay in this case.  Even prior to Petitioner finding out about the outcome of his direct

7    appeal, he began to pursue his collateral attack on his judgment.  Since the Ninth Circuit has

8    held that longer delays were reasonable and with equitable tolling the Petitioner has filed within

9    the limitations period, this Court determines that Petitioner has demonstrated the requisite

10   diligence.  *Id.*; *see Knight v. Schofield*, 292 F.3d 709, 711 (11th Cir. 2002) (holding that a

11   "reasonable time" to commence suit under the AEDPA is one year and after a petitioner is

12   granted equitable tolling there seems to be no reason why the "reasonable time" should be less

13   than one year).

14          For all the above reasons, this court finds that equitable tolling is appropriate for both the

15   period where Petitioner was not notified of the status of his appeal, from January 20, 2004 to

16   May 25, 2004 and the period Petitioner was in isolation, from December 13, 2006 until April 18,

17   2007. With statutory tolling this Petition was 217 days late. Therefore, by adding the 240 days[6]

18   that warranted equitable tolling, the filing of this Petition is within the limitations period and is

19   considered timely.

20          Lastly, since this court has determined that the Petition is timely and not procedurally

21   time barred, this Court cannot consider whether Petitioner's claim of improper sentence

22   enhancement could be considered under the "actual innocence gateway."  The Supreme Court

23   has held that courts must first examine all non-defaulted claims for relief before considering an

24   actual innocence exception to a non-capital sentencing error.  *Dretke v. Haley*, 541 U.S. 386, 393

25

26

27

28          [6]By adding the time that was counted against the limitations period before Petitioner was notified
     (124 days) and the time he was in isolation (116 days), this Court determines that Petitioner is entitled to
     a total of 240 days of equitable tolling (124+116=240).

1  (2004).  Since this Court has denied the Motion to Dismiss, there are claims still pending that

2  could provide relief which precludes this court from addressing the merits of Petitioner's claim.

3

4                                              *Conclusion*

5

6        For the reasons stated above, this Court **DECLINES TO ADOPT** the R&R and **DENIES**

7  the Motion to Dismiss.

            **IT IS SO ORDERED.**

8

9

   DATED: July 1, 2008

10

11                                             _____
                                               HON. NAPOLEON A. JONES, JR.
12                                             United States District Judge

13  cc: All Parties of Record

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv1693 J (AJB)