# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WILLIAM DELANDER,<br><br>　　　　　　　　　　Petitioner,<br><br>　vs.<br><br><br>SUSAN L. HUBBARD, Warden,<br><br>　　　　　　　　　　Respondent. | CASE NO. 07CV1693 JLS (AJB)<br><br>**ORDER: OVERRULING PETITIONER'S OBJECTION TO MAGISTRATE JUDGE BATTAGLIA'S R&R; ADOPTING MAGISTRATE JUDGE BATTAGLIA'S R&R; DENYING PETITIONER'S WRIT OF HABEAS CORPUS; AND DENYING CERTIFICATE OF APPEALABILITY** |

On March 3, 2003, petitioner Steven William Delander ("Petitioner") was convicted in San Diego Superior Court of carjacking (Cal. Pen. Code § 215), assault with a semi-automatic weapon (Cal. Pen. Code § 245), and possession of a firearm by a felon (Cal. Pen. Code § 12021). (Doc. 1 ("Petition") at 3.) From May 2004 through June 2006, Petitioner filed multiple petitions for habeas corpus relief in the California state courts. (Lodgments 5, 7, 9, 12, 14, 16, 18, 20, 22, 24, 27, 29.) All were denied. (Lodgments 4, 6, 8, 10, 13, 15, 17, 19, 21, 23, 26, 28, 30, Supp. Lodgment 4, Second Supp. Lodgment.) On August 28, 2007, Petitioner filed a petition for writ of habeas corpus in this Court. (Petition at 2.) Petitioner alleged ineffective assistance of counsel, improper sentencing enhancements, and cumulative error. (*Id.*) Respondent filed her response on October 15, 2008. (Doc. No. 14.) On January 7, 2009, Magistrate Judge Anthony J. Battaglia issued a Report and Recommendation recommending that the Court deny and dismiss the Petition. (Doc. No. 18

1  ("R&R").)  On January 21, 2009, Petitioner timely filed his objections to the R&R.  (Doc. No. 19

2  ("Objection").)  Respondent did not file a reply to the Objection.

### FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge's R&R extensively lays out the procedural and factual background in this matter.  Petitioner makes no specific objection to these summaries.  Thus, the Court adopts by reference the Magistrate Judge's recitation of the procedural history and facts as set forth in the R&R.  (*See* R&R at 2–5.)

### LEGAL STANDARD

#### I. REVIEW OF REPORT AND RECOMMENDATION

Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. section 636(b)(1) set forth the duties of the district court in reviewing a magistrate judge's report and recommendation. "The district court must make a *de novo* determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the finding or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1); *see also United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989); *United States v. Raddatz*, 447 U.S. 667, 676 (1980). However, in the absence of timely objection, the Court need "only satisfy itself that there is no clear error on the face of the record."  Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (*citing Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974)).

#### II. REVIEW OF HABEAS CORPUS PETITION

Pursuant to 28 U.S.C. section 2254(a) (Anti-Terrorism and Effective Death Penalty Act or AEDPA), this Court may review claims within an application for a writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Under 28 U.S.C. section 2254(d), the Court may only grant the petition if adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; *or*
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Case 3:07-cv-01693-JLS-AJB   Document 22   Filed 04/14/10   PageID.294   Page 3 of 17

1  28 U.S.C. § 2254(d)(1),(2) (emphasis added).

2  The Court must first identify the clearly established federal law to determine whether the state court's application of that law "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d)(1). Clearly established law "refers to the holdings, as opposed to the dicta, of [the United States Supreme Court's] decisions as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Ninth Circuit case law may be "persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help [the court] determine what law is 'clearly established.'" *Duhaime v. Ducharme*, 200 F.3d 597, 600 (9th Cir. 2000).

A state court decision may be "contrary to" clearly established precedent in two circumstances. First, "if the state court applies a rule that contradicts the governing law set forth in" decisions of the Supreme Court, it is "contrary to" clearly established law. *Williams*, 529 U.S. at 405. Second, where "the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from our precedent," it will also be "contrary to" clearly established law. *Id.* at 406. Fulfilling this test "does not require citation of [Supreme Court] cases . . . so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002)

A state court decision involves an "unreasonable application" of clearly established law in two general cases. First, "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case." *Williams*, 529 U.S. at 407. Second, a state court unreasonably applies federal law where it "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id.* An application of federal law must be "objectively unreasonable" under this test. *Id.* at 409.

AEDPA also authorizes habeas relief where the state court's adjudication of a claim

- 3 -    07cv1693

1  "resulted in a decision that was based on an unreasonable determination of the facts in light of the
2  evidence presented in state court." 28 U.S.C. § 2254(d)(2).  This provision requires that the
3  petitioner demonstrate by clear and convincing evidence that the factual findings upon which the
4  state court's adjudication of his claims rest are objectively unreasonable. *Miller-El v. Cockrell*,
5  537 U.S. 322, 340 (2003).

6  To apply the AEDPA, the Court looks to the "state's last reasoned decision." *Avila v.
7  Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).  If there is no reasoned decision from the state's
8  highest court, the court "looks through" to the underlying appellate decision. *Ylst v. Nunnemaker*,
9  501 U.S. 707, 804 (1991).  In the absence of a reasoned state court decision, federal habeas view
10 is not *de novo*. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).  Instead, an independent
11 review of the record is required to determine whether the state court clearly erred in its
12 application of controlling federal law.  *Id.*   If a state court "has not reached the merits of a
13 properly raised issue" then review by a federal court is *de novo*.  *Pirtle v. Morgan*, 313 F.3d 1160,
14 1167 (9th Cir. 2002).

15 **III. EXHAUSTION OF REMEDIES REQUIRED**

16 A petitioner must exhaust available state remedies as a prerequisite to a federal court's
17 consideration of claims presented in a habeas corpus proceeding. 28 U.S.C. § 2254(b)(1)(A);
18 *Picard v. Connor*, 404 U.S. 270, 275 (1971).  If petitioner has not exhausted the available state
19 remedies, he must show that there is an absence of available state corrective process or that
20 circumstances exist that render such process ineffective to protect his rights.  28 U.S.C. §
21 2254(b)(i),(ii).  Exhaustion is accomplished if the state's highest court had an opportunity to rule
22 on the merits of the claim.  *Batcherlor v. Cupp*, 693 F.2d 859, 862 (9th Cir. 1982), *cert. denied*,
23 463 U.S. 1212 (1983). The petitioner is required to "provide the state courts with a 'fair
24 opportunity' to apply controlling legal principles to the facts bearing upon his constitutional
25 claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (*quoting Picard*, 404 U.S. at 276–77).  Also,
26 the petitioner must have "'fairly presented' to the state courts the 'substance' of his federal habeas
27 corpus claim." *Id*. at 6 (*quoting Picard*, 404 U.S. at 275, 277-78).   "It is not enough that all the
28 facts necessary to support the federal claim were before the state courts or that a somewhat

1  similar state-law claim was made." *Id*. (*citing Picard*, 404 U.S. at 277). Instead, the petitioner

2  must "present the state courts with the same claim he urges upon the federal courts." *Picard*, 404

3  U.S. at 276.

## IV. REVIEW OF STATE COURT INTERPRETATION OF STATE LAW

The law is clear that a federal habeas court is not to reexamine state court determinations on state law questions. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). The Supreme Court has stated that "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 68; *see also Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996) (stating that "[p]etitioner may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process"). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir.1994).

## ANALYSIS

## I. PROCEDURAL DEFAULT

The Magistrate Judge found that there is no procedural bar to federal review of Petitioner's claims. (R&R at 5–7.) Petitioner does not object to this portion of the R&R. (Objection at 1–2.) Respondent did not file a timely objection to the R&R. Therefore, the Court reviews for clear error on the face of the record. The Court has reviewed this portion of the R&R and finds there has been no clear error. The Court therefore **ADOPTS** this portion of the R&R.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner argues that he was denied effective assistance of counsel because (1) trial counsel failed to investigate and present an affirmative defense based on his mental health, (2) trial counsel advised him to waive trial on prior convictions, and (3) appellate counsel failed to raise the issue of waiving trial on the prior convictions. (Memo ISO Petition at 13–20.)

The clearly established federal law governing ineffective assistance of counsel is found within *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires that a claim for ineffective counsel must demonstrate (1) "counsel's representation fell below an objective standard of reasonableness" and (2) that "deficiencies in counsel's performance [were] prejudicial

1  to the defense." *Id.* at 688, 692. A court does not need to address both prongs of the *Strickland*
2  test if petitioner makes an insufficient showing on one. *Id.* at 697.

3  **A.  Duty to Investigate Petitioner's Mental Health and Present Defense**

4  Petitioner argues that trial counsel "failed to adequately investigate his prior mental health
5  history and failed to adequately prepare and present an affirmative defense based on his mental
6  illness." (Memo ISO Petition at 13.) The Magistrate Judge found that trial counsel's decision not
7  to investigate or pursue the defense was a reasonable strategic choice that was "not contrary to, or
8  involv[ing] an unreasonable application of, clearly established Federal Law." (R&R at 13.)

9  At the time of trial, Petitioner was examined by Psychiatrist Dr. Cherlin, M.D. at the
10  request of trial counsel. (Lodgment 1, Vol. 1 at 58.) Dr. Cherlin diagnosed Petitioner as having
11  "Adjustment Disorder or Adulthood with Anxiety and Depressive Features. Rule Out Major
12  Depression, Recurrent - Moderate to Severe. Polysubstance Abuse and Dependence. Rule Out
13  Attention Deficit Hyperactivity Disorder[,]" and "Personality Disorder with Sociopathic
14  Features." (*Id*. at 61.) In his Petition, Petitioner states that he was examined after trial by the
15  California medical facility and diagnosed with "bipolar disorder, attention deficit disorder,
16  impulsive type." (Memo ISO Petition at 15.) Petitioner argues that the alleged misdiagnosis of
17  Dr. Cherlin prejudiced Petitioner's defense. (Objection at 3.) Specifically, Petitioner presents the
18  following objections: (1) that the Magistrate Judge did not address the issue that Petitioner could
19  not effectively assist counsel; (2) that the mental health material was relevant to specific intent
20  needed for carjacking; and (3) that the Magistrate Judge erred in finding that the mental health
21  records supplied by Petitioner were not relevant. (*Id*. at 4.)

22  **1.  Ability to Effectively Assist Counsel**

23  Petitioner asserts that the Magistrate Judge did not specifically address the issue of
24  whether Petitioner could effectively assist counsel. (*Id*.) This is incorrect. The R&R specifically
25  identifies that Petitioner "contends that these facts regarding his mental state relate to his ability
26  to commit the crimes charged and *his ability to assist counsel at trial*." (R&R at 11–12 (emphasis
27  added).) The Magistrate Judge dismissed these arguments because he found that "trial counsel's
28  decision not to investigate further or ultimately pursue the defense was a reasonable strategic

1 choice" in light of the evidence. (R&R at 13.)

2 The Magistrate Judge correctly identified and analyzed the appropriate evidence to dismiss these claims. (R&R at 11–13.) The Court has reviewed the record *de novo* and finds that Petitioner has not demonstrated that he was unable to assist counsel at trial. The record shows that Petitioner was competent to stand trial, that Petitioner directly answered the Court's questions regarding waiver, and that the trial counsel referred to Petitioner as "very intelligent." (Lodgment 2, 2/25-26/03 at 5, 4/30/03 at 3, 3/24/03 at 1–2.) These facts demonstrate that Petitioner was able to assist counsel in his case. Furthermore, Petitioner is claiming ineffective assistance of counsel but has not demonstrated that Petitioner's alleged inability to assist trial counsel proves that trial counsel acted unreasonably or prejudiced Petitioner's defense under *Strickland*. Petitioner's objection is therefore **OVERRULED**.

### 2. Specific Intent

Petitioner argues that due to the alleged misdiagnosis of Dr. Cherlin, Petitioner was unable to present an effective argument that he did not have the requisite specific intent to commit the acts of carjacking or aggravated assault. (Objection at 4.) Petitioner specifically points out in the Petition that "[w]ithout hearing the full and correct history of [his] past and then-present mental condition, the jury could not fully assess his guilt" and that the failure to introduce this evidence "undermines confidence in the result by the jury." (Memo ISO Petition at 19–20.) Petitioner asserts that the Magistrate Judge did not specifically address the issue of specific intent in the R&R. (Objection at 4.) The Court agrees that the Magistrate Judge did not specifically address specific intent. However, this objection is with without merit because the Court has reviewed the evidence *de novo* and determined that the omission does not affect the outcome of the R&R.

Petitioner argued in his petition to the California Supreme Court on June 21, 2006 that "in light of all the evidence of his mental disease and disorder's (sic), at the very minimum, he was at least entitled to a jury instruction drawing the jury's attention to his mental disease and disorder's (sic) on the issue of 'specific intent.'" (Lodgment 27 at 23.)[1] The California Supreme Court

---

[1] Petitioner also argued in the petition to the California Supreme Court on February 16, 2005 that he lacked specific intent "'for purposes of carjacking.'" (Lodgment 20 at 4.) In this petition, he specifically references the *Strickland* test to allege ineffective assistance of counsel on this point. (*Id.*

1  denied this claim without comment. (Lodgment 28.) The last reasoned opinion on the issue of
2  Petitioner's mental health was in the Fourth Appellate District Court on August 16, 2004.
3  (Second Supp. Lodgment at 1.) The court stated that Petitioner was examined and trial counsel
4  was "well aware of [his] mental problems and made a record before the judge that he had
5  investigated . . . and 'did not get any indication that he is presently incompetent, nor that an
6  N.G.I. plea would be appropriate in this case.'" (*Id*.) The court also stated that "[d]efense counsel
7  argued for a mitigated sentence based on [his] mental problems." (*Id*.) Addressing the specific
8  intent issue more specifically, the San Diego Superior Court order of October 6, 2005 stated that
9  Petitioner's claim that "had the jury known of this illness the results reached would have been
10 different" was based on pure speculation and the court was not permitted to inquire into what a
11 jury "might" do. (Lodgment 23 at 4.)
12      The state courts' decisions were not contrary to or an unreasonable application of clearly
13 established federal law nor were they an unreasonable determination of the facts of the case.
14 Under *Strickland*, "[i]t is not enough for the defendant to show that the errors had some
15 conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 694. Rather, the
16 "defendant must show that there is a reasonable probability that, but for counsel's unprofessional
17 errors, the result of the proceeding would have been different." *Id*. The record in this case shows
18 that trial counsel was aware of Petitioner's mental health issues and Petitioner admits that the jury
19 heard evidence of his mental health, though Petitioner claims it was a misdiagnosis. (Memo ISO
20 Petition at 19.) Petitioner has not shown that his case was prejudiced by the alleged misdiagnosis
21 because he cannot show a reasonable probability that the result would have been different if a
22 different diagnosis had been heard by the jury. Therefore, the Court finds that Petitioner has
23 failed to meet the *Strickland* test of ineffective counsel. Petitioner's objection is **OVERRULED**.
24      **3.  Mental Health Records**
25      Petitioner also objects to the Magistrate Judge's finding, set forth in a footnote, that the
26 mental health records supplied by Petitioner were not relevant to proving Petitioner's mental
27 health during the period of trial. (Objection at 4; R&R at 11 n.11.) Petitioner again argues that
28

---

at 5.)

1  the medical records are probative of Petitioner's mental health at trial and, at a minimum, show
2  that Petitioner was misdiagnosed. (Objection at 4.) Petitioner's objection is unavailing. First, the
3  Magistrate Judge did not rely on this finding to determine that Petitioner's claim of ineffective
4  counsel must be denied. Second, the medical records are not relevant to Petitioner's claim of
5  ineffective counsel. In fact, the superior court addressed Petitioner's argument that new evidence
6  of mental health would change the outcome of the trial by noting that "if Petitioner knew he was
7  mentally ill to the point that counsel should have been aware of that situation, it is not 'newly
8  discovered.' . . . Moreover, and more importantly, if Petitioner does indeed have the evidence to
9  prove this illness, he should have filed it with the first petition." (Lodgment 23 at 3.) The Court
10 agrees with this reasoning and also finds that the Magistrate Judge was correct that the
11 information provided was irrelevant. The medical records provided by Petitioner range in date
12 from May 2003 to October 2005. (Lodgment 24, Exhs. D–H.) Petitioner was convicted on
13 March 3, 2003 and was sentenced on April 30, 2003. (Memo ISO Petition at 3.) The medical
14 records do not reflect the time that Petitioner was in trial and therefore do not provide insight as
15 to the reasonableness of trial counsel or prejudice to Petitioner at the time of the trial. *Strickland*,
16 466 U.S. at 692. Accordingly, the Petitioner's objection is **OVERRULED**.

**B.     Trial and Appellate Counsels' Ineffectiveness on Sentencing Issues**

Petitioner alleges that trial counsel was ineffective "for advising him to waive any challenges to the sentencing enhancements filed against him in state court." (Memo ISO Petition at 17.) Petitioner also argues that appellate counsel was ineffective for failing to raise sentencing enhancements on appeal. (*Id*.) The Magistrate Judge found that both claims were unexhausted and that, even if they were exhausted, they should fail on the merits because the claims were conclusory allegations. (R&R at 14.) Petitioner contends that the claims are not exhausted and that the argument is "simple and short" but not conclusory. (Objection at 5–6.) Petitioner also argues that even if the claims are exhausted "cause and prejudice exists for excusing the default." (*Id*. at 5.)

**1.     Trial Counsel's Ineffectiveness on Sentencing Issues**

Petitioner argued to the California Supreme Court in the September 9, 2004 amended

1 petition, to the Fourth District Appellate Court in the July 20, 2004 petition, and the San Diego
2 Superior Court in the February 16, 1996 petition that trial counsel was "incompetent" because he
3 advised the Petitioner to waive challenges to prior convictions that Petitioner did not believe the
4 prosecution would have been able to prove to a jury. (Lodgment 12 at 11; Lodgment 9 at 11;
5 Lodgment 7 at 11.)[2]  Therefore, the Court agrees with Petitioner that this claim has been
6 exhausted.  The California Supreme Court dismissed the petition without comment.  (Lodgment
7 28.)  The last reasoned opinion to address this issue was the Fourth District Appellate Court order
8 of August 16, 2004.  (Lodgment 10.)   The court stated that petitioner had not provided "a
9 sufficient record for review and does not demonstrate that counsel failed to act in a manner to be
10 expected of a reasonably competent attorney acting as a diligent advocate and that counsel's acts
11 or omissions resulted in the withdrawal of a potentially meritorious defense." (*Id*. at 2 (*citing*
12 *People v. Pope*, 23 Cal. 3d.  412, 425 (1979).)

13       The Court finds that this decision is not contrary to or an unreasonable application of
14 federal law or an unreasonable determination of facts.  The Court finds, and the Magistrate Judge
15 correctly found, that Petitioner has presented merely a conclusory allegation that counsel was
16 ineffective.  Petitioner argues that waiving challenges to sentencing enhancements was prejudicial
17 because the enhancements imposed were improper. (Memo ISO Petition at 17–18, 20.)  This
18 argument is conclusory and does not prove that the outcome would have been different had
19 Petitioner challenged the enhancements.  *Strickland*, 466 U.S. at 692.   Furthermore, this is only
20 one prong of the *Strickland* test.  Petitioner still must prove that counsel's representation fell
21 below an objective standard of reasonableness.  *Id*. at 688.  There is a strong presumption that
22 counsel "rendered adequate assistance" and the burden is on the defendant to "overcome the
23 presumption that, under the circumstances, the challenged action 'might be considered sound trial
24 strategy.'" *Id*. at 689–90 (*quoting Michel v. State of La.*, 350 U.S. 91, 101 (1955)).  Defendant has
25 not overcome this burden.  In fact, Petitioner acknowledged the state's argument that trial counsel
26 may have had a strategy in waiving any challenge but summarily dismissed it by claiming "there

27

28     [2]Petitioner specifically states in each Petition that "defense counsel [was] incompetent for advising defendant to admit prior (sic) that prosecution would not have been able to prove." *Id*.

- 10 -         07cv1693

1  was no sound strategy." (Objection at 6.)  Because Petitioner has not proven counsel's
2  representation was prejudicial to Petitioner's defense or that it fell below an objective standard of
3  reasonableness, the Court finds that this claim must also fail.

### 2. Appellate Counsel's Ineffectiveness on Sentencing Enhancements

5  The Magistrate Judge correctly found that the Petitioner has not exhausted the claim that
6  appellate counsel was ineffective for failure to raise sentencing enhancements.  Petitioner raised a
7  claim of ineffective appellate counsel in the California Supreme Court.  However, Petitioner
8  argued only that appellate counsel was ineffective due to inconsistencies and prejudicial
9  statements in the "Wende brief." (Lodgment 14 at 1.)  The claim that appellate counsel was
10 ineffective due to failure to raise sentencing errors on appeal is an entirely new claim based on
11 different facts and is not further support for the previous claim of ineffective assistance of
12 counsel.  Because Petitioner has not raised a claim of ineffective assistance of appellate counsel
13 due to failure to raise sentencing errors, the claim has not been exhausted in state court and the
14 Petitioner cannot raise it here.

15 Petitioner argues that even if claims have not been fully exhausted, "cause and prejudice
16 exists for excusing the default." (Objection at 5.)  *See Cook v. Shiriro*, 538 F.3d 1000, 1025 (9th
17 Cir. 2008), *cert denied*, 129 S. Ct. 1033 (2009) ("Where a state prisoner's federal claim is waived
18 or precluded by violation of a state procedural rule, it is procedurally defaulted unless the prisoner
19 can demonstrate cause and prejudice." (*citing Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).
20 To prove cause and prejudice, Petitioner argues that appellate counsel was ineffective. (Objection
21 at 5.)  This circular argument does not demonstrate that cause or prejudice existed in this case.
22 Therefore, the Court **OVERRULES** the Petitioner's objection and **ADOPTS** the R&R.

### III. IMPROPER SENTENCING ENHANCEMENTS

### A. Ineffective Waiver of Challenges to Sentencing Enhancements

25 Petitioner's sentence was enhanced under California state law due to Petitioner's prior
26 convictions. (Petition at 4; Memo ISO Petition at 4.)  The trial court informed Petitioner that he
27 had the right to require that the prosecution prove up the priors to a jury. (Lodgment 2, 3/10/03 at
28 170–71.) Petitioner admits that he waived his challenges to the sentencing enhancements in state

court. (Memo ISO Petition at 21.) However, Petitioner claims that this waiver was ineffective for two reasons: (1) he received incorrect legal advice from his trial counsel; and (2) his waiver was not knowing and voluntary. (*Id.*)

### 1. Incorrect Legal Advice from Counsel

Petitioner argues that the waiver was ineffective because he received incorrect legal advice from counsel. (Memo ISO Petition at 21.) In both the Petition and the Objection, Petitioner supports this claim by referencing his argument that counsel was ineffective under *Strickland*. Because the Court has found that the claim of ineffective assistance of counsel is unsupported, this claim must also fail because it relies exclusively on the ineffective assistance of counsel claim. Therefore, the Court **OVERRULES** the Petitioner's objection and **ADOPTS** the R&R.

### 2. Waiver was Not Knowing and Voluntary

Petitioner argues that waiver was not knowing and voluntary because he was taking the medication Sinequan at the time of the waiver. (Memo ISO Petition at 21.) The Magistrate Judge found that Petitioner had not made specific allegations or offered evidence explaining how the medication affected his ability to consult with his lawyer or understand the waiver proceeding. (R&R at 17.) Petitioner objects to the finding that the allegation lacks support, claims that Petitioner has described the effect of the medication on him, and argues that any waiver was "tainted by the failure of the state to properly treat [Petitioner's] mental condition." (Objection at 7.)

After reviewing the evidence *de novo*, the Court agrees with the Magistrate Judge that Petitioner has not sufficiently supported this claim. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief." *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)(*citing Boehme v. Maxwell*, 423 F.2d 1056, 1058 (9th Cir.1970)). The Petitioner must present the Court with evidence of the medication he was taking and how the medication affected his competence at trial to raise a "bona fide doubt" as to his competence. *Sturgis v. Goldsmith*, 796 F.2d 1103, 1110 (9th Cir. 1986). In this case, Petitioner alleged only that Sinequan was a "'mind altering' drug which affected his ability to understand and

1  comprehend the nature of the court proceedings." (Memo ISO Petition at 21.) The Court finds
2  that Petitioner has not made any specific allegations or offered evidence to explain how his
3  medication affected his capacity.
4      Petitioner also argues that due to the alleged misdiagnosis "any waiver was tainted by the
5  failure of the state to properly treat [Petitioner's] mental condition." (Objection at 7.) This claim
6  was not made in the Petition in this case. However, the Court understands this to be the same
7  claim as that of ineffective assistance of counsel because Petitioner is again asserting that the
8  alleged misdiagnosis prejudiced his case. This claim has previously been rejected by the Court.
9  Therefore, the Court **OVERRULES** the Petitioner's objection and **ADOPTS** the R&R.

10  **B.**  **Improper Use of Prior Conviction as a Strike**

11      Petitioner argues that his prior conviction in 1991 for assault with a deadly weapon or by
12  means likely to cause great bodily injury (Cal. Pen. Code § 245(a)(1)) was improperly used as a
13  prior strike under California Penal Code section 1170.12 because there was no evidence that he
14  personally inflicted great bodily injury and there is nothing in the record that established that a
15  "sissy bar" is a deadly weapon. (Memo ISO Petition at 21–22.) The state court found that the
16  conviction qualified as a strike because the change of plea form that Petitioner executed stated
17  "'[o]n Oct. 26, 1990, I struck James G. Formiller with a 'sissy bar' with force likely to cause great
18  bodily injury.'" (Second Supp. Lodgment at 2.) The Magistrate Judge found that the prior
19  conviction was valid and could not be challenged in a collateral proceeding. (R&R at 17–18
20  (*citing Lackawana County Dist. Attorney v. Coss*, 532 U.S. 394, 403–04 (2001)).) Petitioner
21  contends that the Magistrate Judge discussed whether the prior conviction was valid but did not
22  discuss whether the prior conviction qualified as a prior strike. (Objection at 8.) Specifically,
23  Petitioner "attacks whether this prior conviction qualifies, as a matter of law, as a prior strike
24  under California's three strike law" and that "under California law, [his] sentence should not have
25  been increased by this enhancement." (Objection at 7–8.)
26      This Court cannot reexamine a state court's interpretation of a state sentencing law. *See*
27  *McGuire*, 502 U.S. at 68; *Christian*, 41 F.3d at 469 (stating that petitioner must show fundamental
28  unfairness to warrant federal habeas relief due to a state court's misapplication of its own

1  sentencing laws). However, Petitioner argues that the Court can grant habeas relief where a state
2  has improperly imposed a sentencing enhancement and cites to *Medley v. Runnels*, 506 F.3d 857
3  (9th Cir. 2007), *cert. denied*, 128 S. Ct. 1878 (2008), for this proposition. *Medley* is inapplicable
4  to Petitioner's case. At issue in *Medley* was whether an instruction in a prove up trial that "a flare
5  gun is a firearm" violated petitioner's due process rights by taking that determination away from
6  the jury. *Id*. at 862, 867. Petitioner waived his right to prove up his prior convictions to a jury
7  and, instead, left the determination to the trial court. (Lodgment 2, 3/10/03 at 170–71.)
8  Therefore, *Medley* is not analogous and does not help Petitioner.

9  In sum, Petitioner has not demonstrated fundamental unfairness or alleged a constitutional
10 or federal law violation. *See Christian*, 41 F.3d at 469. Therefore, the Court cannot reexamine the
11 trial court's interpretation of the state sentencing law as to whether the prior conviction qualified
12 as a strike. The Court **OVERRULES** the Petitioner's objection and **ADOPTS** the R&R.

13 **C. Improper Imposition of One Year Enhancement**

14 Petitioner alleges that the one year enhancement of his sentence, imposed pursuant to
15 California Penal Code section 667.5(b)[3], is in error. (Memo ISO Petition at 22–23.) The
16 Magistrate Judge found that Petitioner was asking the Court to review the trial court's
17 interpretation of state law without a showing of fundamental unfairness. (R&R at 18–19.)
18 Petitioner responds by attempting to show fundamental unfairness and also advances an argument
19 based on the "actual innocence gateway." (Objection at 9–10.)

20 The Court finds that federal habeas corpus relief is unavailable for this claim. In his
21 Objection, Petitioner attempts to prove fundamental unfairness by stating that "imposition of an
22 illegal sentence is certainly fundamentally unfair." (Objection at 9.) First, this statement is
23 conclusory. Second, a determination that the sentence was illegal would require an interpretation
24 of California state sentencing law, which the Court cannot do.

25 As an alternative argument, Petitioner states that because the one year enhancement was
26
27
28
[3]California Penal Code section 667.5(b) provides, in relevant part, that "where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony." Cal. Pen. Code § 667.5(b).

1  unauthorized he is actually innocent of the prior enhancement and therefore procedural default
2  should be excused. (Objection at 9.) Actual innocence requires that the Petitioner show that "a
3  constitutional violation has probably resulted in the conviction of one who is actually innocent."
4  *Murray v. Carrier*, 477 U.S. 478, 496 (1986). Petitioner has not shown or attempted to show this.
5  Therefore, this alternative argument must fail as well.

6  Petitioner has not presented an issue of federal law to the Court and therefore the Court
7  cannot grant any relief. *Estelle*, 502 U.S. at 68. Petitioner's objections are **OVERRULED** and
8  the R&R is **ADOPTED**.

9  **IV. CUMULATIVE ERRORS**

10  Finally, Petitioner sets forth a claim of cumulative error. (Memo ISO Petition at 25.) The
11  Magistrate Judge recommended this claim be denied because the Magistrate Judge did not find
12  any error by counsel or trial court. (R&R at 19.) The Magistrate Judge also considered
13  Petitioner's claim for prosecutorial misconduct on its own and found that this claim failed. (*Id.*)
14  In his Objection, Petitioner asserts that "the magistrate incorrectly rejected his claims one by one"
15  and that "[t]he claims should have been granted." (Objection at 10.)

16  A court can find cumulative error where "even if no single error were prejudicial, where
17  there are several substantial errors, 'their cumulative effect may nevertheless be so prejudicial as
18  to require reversal.'" *Killian v. Poole*, 282 F.3d 1204, 1211 (9th Cir. 2002) (*quoting United States*
19  *v. de Cruz*, 82 F.3d 856, 868 (9th Cir. 1996)). The Petitioner argues that the issues raised in his
20  Petition and the issue of prosecutorial misconduct together establish cumulative error. (Objection
21  at 10.) The Court has rejected Petitioner's claims of ineffective assistance of counsel, improper
22  sentencing and inability to understand the court proceedings, which form the basis of the
23  cumulative error claim. (Memo ISO Petition at 25.) Therefore, the Court **OVERRULES** the
24  Petitioner's objection and **ADOPTS** the R&R.

25  Petitioner makes no specific objection to the Magistrate Judge's finding that there was no
26  prosecutorial misconduct. Therefore, the Court reviews for clear error. The Court has reviewed
27  the R&R and agrees with the Magistrate Judge that Petitioner has not proven prosecutorial
28  misconduct. Finding no clear error, this portion of the R&R is **ADOPTED**.

### V. REMAINDER OF R&R

As to the portions of the R&R for which the Petitioner has not presented objections, the Court has reviewed the entire R&R. Finding no clear error, the Court **ADOPTS** the portions of the R&R for which the Petitioner has not presented objections.

### VII. CERTIFICATE OF APPEALABILITY

A certificate of appealability is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327; *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court must either (1) grant the certificate of appealability indicating which issues satisfy the required showing or (2) state why a certificate should not issue. Fed. R. App. P. 22(b).

The Court has overruled each of Petitioner's objections and adopted the R&R because Petitioner has not presented sufficient factual evidence to support his constitutional claims in this case. Therefore, Petitioner could not demonstrate that a reasonable jurist could "disagree with the [Court's] resolution of his constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. The Court finds that reasonable jurists would agree that the California state courts' conclusions were neither contrary to nor an unreasonable application of clearly established federal law or an unreasonable determination of facts. Accordingly, issuance of a certificate of appealability in this case is **DENIED**.

//
//
//
//
//

**CONCLUSION**

The Court **OVERRULES** Petitioner's objections and **ADOPTS** the Magistrate Judge's R&R. Petitioner's Petition for Writ of Habeas Corpus is **DENIED**. Petitioner's certificate of appealability is **DENIED**.

IT IS SO ORDERED.

DATED: April 14, 2010

Honorable Janis L. Sammartino
United States District Judge